## FIFTH THIRD UNION TRUST CO. v. CONNER.

Civ. No. 1763.

United States District Court
S. D. Ohio, W. D.

Oct. 4, 1950.

Graydon, Head & Ritchey, Cincinnati, Ohio, for plaintiff.

Ray J. O'Donnell, U. S. Atty., Southern Dist. of Ohio, Frank J. Richter, Asst. U. S. Atty., Southern Dist. of Ohio, Cincinnati, Ohio, for defendant.

DRUFFEL, District Judge.

This is an action to recover an alleged overpayment of estate taxes made to the defendant, the former Collector of Internal Revenue for the First Ohio District, and is brought under the provisions of the Internal Revenue Code, as amended by the Revenue Act of 1939, as amended by the Revenue Act of 1940. A Stipulation of Facts has been filed herein by the parties, which was supplemented by the Internal Revenue Field Agent's report, read into the record on April 24, 1950. The Court having reviewed the record finds especially the following facts:

1. Edward Lee McClain died, testate, a citizen and resident of Greenfield in the Southern District of Ohio, on May 2, 1934. On May 11, 1934, the plaintiff (together with others now deceased) was appointed Executor of his estate.

2. The Executors (required under the Revenue Act, to file an estate tax return for the estate on or before May 2, 1935), filed estate tax return, Form 706, on May 1, 1935, and paid to the defendant, the tax shown to be due thereon of $335,890.85. Thereafter, on September 12, 1936, the Executors paid to the defendant, an additional tax of $11,-935.77. The said additional tax was assessed after an audit of the said return by the Commissioner of Internal Revenue. The total estate tax paid by the said Executors to the defendant was $347,826.62 on a net estate, as determined by the Commissioner for purposes of tax, at $2,753,867.98 for tax under the 1926 Act; and $2,803,-867.98 for tax under the 1932 Act.

Included in the net estate, as so determined, were 4,200 shares of common stock

of the American Pad and Textile Company valued at $45 per share.

3. On September 9, 1934, the said Executors had been served with a document entitled "Contingent Claim of Elizabeth Ann Walker Barry", whereunder one Elizabeth Ann Walker Barry, a niece of the decedent, notified the said Executors that contingent upon the admission to probate of a will of her uncle, Arthur E. McClain, a brother of decedent, she, as residuary legatee thereunder, presented her claim to 3,000 of the said 4,200 common shares of the American Pad & Textile Company, together with dividends thereon from the year 1922, with interest, but subject to certain credits, on the ground that the said Edward Lee McClain received the same in 1922 without right thereto, as one of the distributees of the estate of Arthur E. McClain.

4. Said contingent claim had been rejected by the Executors under date of October 16, 1934, and no further action had been taken either by or on behalf of Elizabeth Ann Walker Barry prior to the filing date of the said estate tax return for the Edward Lee McClain Estate on May 1, 1935. However, under Schedule I of said return headed "Debts of Decedent", the Executors included the following statement with respect thereto, which will hereafter be referred to, for convenience, as the "Schedule I Statement":

"The Executors also wish to call attention to a purported claim filed against the estate by Elizabeth Ann Walker Barry, a niece of said decedent. The allowance has been rejected by the Executors which will very probably result in litigation. Claimant did not designate a specific amount; however, the Executors are cognizant of the fact that if suit should be brought and a judgment rendered against the estate that the amount involved will undoubtedly be in excess of one-half million dollars. However, since this matter cannot be determined within the time that the Return will be verified by the Commissioner, the Executors feel they have no reasonable grounds on which to include in this Return an estimated amount as a deduction which would result in reducing the tax in a considerable sum and therefore hereby stipulate that if an adverse decision should ever be rendered against the estate that a claim for refund must be entertained by the Commissioner within a reasonable time after final judgment is obtained."

5. Subsequent to the filing of the Estate Tax Return, Form 706, the will of Arthur E. McClain was admitted to probate and one M. Irwin Dunlap was appointed Administrator with the will annexed; and on August 5, 1935, he, in the capacity of Administrator, presented the said Elizabeth Ann Walker Barry claim to the Executors of the Edward Lee McClain Estate for said 3,000 shares of stock and the dividends thereon with interest. That claim was likewise rejected by the Executors on September 3, 1935.

6. In the early part of 1936, an audit of the Edward Lee McClain estate tax return was made by the Internal Revenue Field Agent. The statement contained in Schedule I of said return with reference to the Elizabeth Ann Walker Barry claim, was investigated and discussed with the plaintiff and others of the Executors. The Field Agent reported to the Commissioner of Internal Revenue under date of April 30, 1936, the results of his examination, and in addition thereto, matters pertaining to the Elizabeth Ann Walker Barry claim. His report included the following statement:

"In case the above niece Mrs. Elizabeth Ann Barry should be successful in her suit against the estate of Edward Lee McClain, it would affect materially the assets of the present decedent's estate. This is the contingent claim mentioned by executors of said estate under Schedule I. If the executors of the present estate should have to pay anything on the niece's claim after these lawsuits are settled same would be proper debt and claim against the decedent's estate."

"All changes recommended in this estate have been carefully explained to the executors and reasons for same. They did not wish to sign a waiver at this time, because of the litigation in

294

connection with this estate. After receipt of Bureau audit letter supporting above recommended values, they will probably consent to same without further protest. Recommend said estate be determined as set out in this report, subject to the approval of the Bureau."

7. On June 26, 1936, the Executors received a thirty-day letter from the Commissioner of Internal Revenue, proposing a deficiency in estate tax of $11,935.77, resulting principally from a proposed increase in the value of the 4,200 shares of the American Pad & Textile Company common stock. Said letter made no mention of said Schedule I Statement.

With the Commissioner's letter was enclosed a Treasury Department Form 890, entitled "Waiver of Restrictions against Immediate Assessment and Collection of Deficiency in Estate Tax." The Executors executed and filed with the defendant, under date of July 13, 1936, said Form 890, but added thereto the following statement with reference to the Elizabeth Ann Walker Barry claim, to wit:

"Upon the express provision that should Elizabeth Ann Walker Barry be successful in prosecuting her claim against the estate of Edward Lee Mc-Clain, the signing of this waiver shall in no way prejudice the rights of the Executors of the estate of Edward Lee McClain in and to a refund of Federal Estate Tax particularly allowable by reason of the payment of such claim, reference to which is also contained in the Federal Estate Tax Return Form No. 706, in Schedule I, filed on behalf of the Estate of this decedent."

8. On September 12, 1936, the Executors paid to the defendant, the amount of said deficiency.

9. The defendant did not, nor did the Commissioner of Internal Revenue at any time communicate to the said Executors, any exception to the Form 890 as filed with the above statement included, nor did either of them at any time communicate to the Executors, any objection to the failure of the Executors to file the Treasury Department's official Refund Form 843.

10. The Elizabeth Ann Walker Barry claim was ordered reinstated before the Executors of the Edward Lee McClain estate by the Court of Highland County, acting under the reinstatement provisions of the Ohio Probate Code, on October 28, 1939, and the said Executors were required, under said order, to consider the said claim on its merits. On November 27, 1939, the said Executors rejected the claim, and litigation ensued. At the conclusion of the trial thereof in the Common Pleas Court of Highland County, the Court, on September 30, 1944, entered a money judgment for $179,537.65 against the Executors. On cross-appeals to the Court of Appeals for the Fourth Appellate District of Ohio, the judgment of the Common Pleas Court was reversed and the Arthur E. McClain Estate was awarded the 3,000 shares of stock, plus dividends thereon and interest, for which judgment was entered on December 6, 1945.

11. Contemporaneously with the entry of the said judgment on December 6, 1945, an agreement was entered into between the Executors of Edward Lee McClain and the Administrator of Arthur E. McClain, modifying the judgment with reference to the interest awarded therein, following which the Executors satisfied the judgment by delivering to the said Dunlap, as Administrator, 3,000 shares of the common stock of the American Pad & Textile Company and by paying to him, the amount of the dividends received by the said Edward Lee McClain and his estate from and after February 24, 1922, to wit: $590,042.08, and by paying to him the amount of the interest which the said Administrator agreed to accept in accordance with the provisions of the said agreement, to wit: $340,000. Of the dividends paid as aforesaid, $461,042.08 represented dividends received by Edward Lee McClain on said 3,000 shares of stock between February 24, 1922 and the date of his death on May 2, 1934, and of the interest paid as aforesaid, $71,413.68 was attributable to the said dividends of $461,042.08, received by Edward Lee McClain prior to his death. Court costs and other expenses of the litigation aggregated $77,941.16.

12. The said 3,000 shares of the common stock of the American Pad & Textile

Company which the said Executors of Edward Lee McClain delivered to the Administrator of the Arthur E. McClain Estate, in satisfaction of said judgment, had been valued for estate tax purposes at $126,000, and the tax paid by the Executors, as above found, included a tax computed on said shares at that value;

The said tax paid by the Executors of Edward Lee McClain, as above found, had been computed and paid without any deduction for (1) dividends received by Edward Lee McClain on said 3,000 shares of common stock of the American Pad & Textile Company during his lifetime which the Court finds amounted to $461,042.08; and (2) interest on said dividends received by the said Edward Lee McClain during his lifetime, which the Court finds amounted to $71,413.68;

The Executors of the Estate of Edward Lee McClain expended the sum of $77,941.-16 in the payment of court costs, attorneys fees and other expenses incurred in connection with the litigation involving said Elizabeth Ann Walker Barry claim, which amount was over and above the administration expenses taken as a deduction in the tax computed and paid, as hereinabove found;

The delivery of said 3,000 shares of the common stock of the American Pad & Textile Company and the payment of the aforesaid items of dividends, interest, and expenses, as hereinabove found, reduced the taxable estate of the said Lee McClain by the amount thereof, to wit: $736,396.92; and

The final net estate of the said Edward Lee McClain is found to be $2,008,471.06 for purposes of tax under the 1926 Act; and $2,058,471.06 for purposes of tax under the 1932 Act.

The aggregate tax on the estate so found would be $231,970.65 instead of $347,826.62, as paid.

13. Upon satisfaction of the Estate's obligations on the Elizabeth Ann Walker Barry claim, plaintiff, together with Lulu Johnson McClain, the then surviving Executors, filed with the Collector of Internal Revenue for the First District of Ohio on April 12, 1946, a Supplemental Claim for Refund with accompanying documents in support thereof. Said Supplemental Claim concerned the same subject matter and was based on the same grounds referred to in the statement and stipulation contained in Schedule I of the original estate tax return, and in the said Waiver, Form 890. It referred to the statement made in Schedule I and again to the statement on Treasury Department Form 890, and advised that the litigation therein referred to had been concluded, and asked that refund previously claimed in said statements and predicated on the reduced net estate be made.

14. This Supplemental Claim was rejected by the Commissioner by letter dated June 27, 1946, on the ground that under Article 99 of Regulations 80 (1934 and 1937 Editions) and Section 81.96 of Regulations 105 (1942 Edition), no timely claim for refund had been filed.

15. No action was taken by the Commissioner of Internal Revenue with respect to (1) the Estate Tax Return, (2), the Waiver, and (3) the document entitled "Supplemental Claim for Refund," except as hereinabove found.

16. This suit was filed on August 8, 1947. On August 16, 1949, an amended Supplemental Claim was filed with the Collector of Internal Revenue at Cincinnati, Ohio, to correct a mistake in the recomputation of tax in the Supplemental Claim of April 12, 1946. On April 24, 1950, the Complaint was amended to reflect the correct computation.

Based upon the foregoing Findings of Fact, the Court concludes as a matter of law:

1. That there was an overpayment of the Edward Lee McClain Estate tax in the amount of $115,855.97, resulting from the final adjudication of the Elizabeth Ann Walker Barry claim, and the delivery by the plaintiff herein, in satisfaction of the judgment rendered against it, of said 3,000 shares of the common stock of the American Pad & Textile Company, the payment of the sum of $461,042.08, representing the dividends received on said shares by plaintiff's decedent, the payment of $71,413.68

representing the interest on said dividends, and the payment of said expenses of the litigation amounting to $77,941.16.

■ 2. That the statement in Schedule I of the Estate Tax Return and the statement in the "Waiver of Restrictions against Immediate Assessment and Collection of Deficiency in Estate Tax" constituted a timely claim for refund of the overpayment of tax within the requirements of Article 99 of Regulations 80 (1934 and 1937 Editions) and Section 81.96 of Regulations 105 (1942 Edition), and Section 910 and Section 3772(a)(1) of the Internal Revenue Code, 26 U.S.C.A. §§ 910, 3772(a)(1).

3. That the statement in said Return and Waiver were treated as claims for refund by both the Executors and the defendant.

4. That the plaintiff is entitled to recover from the defendant herein, the amount of said overpayment, to wit, $115,855.97, together with interest thereon according to law.

A judgment may be prepared in accordance with these findings.

To all of which defendant excepts.